IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| TRACY MCLAREN, | ) Civil No.: 3:14-cv-057-JE |
|  | ) |
|       Plaintiff, | ) FINDINGS AND |
|  | ) RECOMMENDATION AND ORDER |
| v. | ) |
|  | ) |
| STATE OF OREGON | ) |
|       Defendant. | ) |
| _____ | ) |

Tracy McLaren
9341 SE Alder St.
Portland, OR 97216

    Plaintiff *pro se*

JELDERKS, Magistrate Judge:

    Pro se Plaintiff McLaren brings this action against the State of Oregon. Plaintiff's Complaint comprises the first page of a Complaint form, filled in by hand and eight handwritten pages. Plaintiff's Complaint alleges that the State of Oregon failed to train state personnel "about laws changing on S.O's" and that Plaintiff is "again trying to get this to the Supreme Courts(sic) to be paid for my horrible existence for 20 years." Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

FINDINGS AND RECOMMENDATION AND ORDER – 1

Plaintiff's application to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied.  For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, on the basis that it fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff's Complaint alleges that

> The State of Oregon had hired parole officers, in my case; who were not read; with increased penalties for 20 years and increased penalties as the laws changed that restricted my capabilities to earn a living and produced public information; that was held against me to have my children released to me; as my father's rights dictated!

Plaintiff's Complaint lacks clarity but appears to be based on his dissatisfaction with events following his incarceration and related to his status as a sex offender.  Plaintiff alleges that he was subjected to "15 plus years of prosecutions," "dealing with parole and probation officers," "added penalties," being continually tracked and not allowed to leave the state, and negative impacts on both his opportunities to work and his ability to collect the "maximum amount" in disability payments.

Plaintiff then asks for relief in the form of

> . . . the unheardable a governmental pardon, a raised disability to maximum, appoligizes(sic) from state police supervisor at time I have confronted them and DHS supervisor who retired; yet told off that day! And no more child support to be paid in full!

Plaintiff also alleges that $5000 was paid to each of two attorneys.  Plaintiff requests those funds back as well as the "amount owed holding someone in county with no case . . . ."  In addition, Plaintiff seeks to be reunited with his children and asks for 20 million dollars, or one million dollars a year for 20 years of prosecution "to be paid for my horrible existence for 20 years!"

FINDINGS AND RECOMMENDATION AND ORDER – 2

**Discussion**

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted. First, the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Although Plaintiff describes the relief he seeks, after a careful review of the Complaint, I am unable to discern from Plaintiff's stream of narrative, any clear or coherent claim upon which relief could be granted.

Additionally, even if Plaintiff's allegations supported a cognizable federal claim against the State of Oregon, which I conclude they do not, the Eleventh Amendment bars suits in federal court against the state or its agencies for all types of relief, absent unequivocal consent by the state. Pennhurst v. Halderman, 465 U.S. 89, 100-101 (1984). Unequivocal consent is not

FINDINGS AND RECOMMENDATION AND ORDER – 3

present here. Therefore, even if Plaintiff's Complaint contained any legally cognizable claims against the State of Oregon, those claims would necessarily fail.

Finally, and most importantly, Plaintiff's Complaint provides no basis for this court to exercise jurisdiction. Federal courts are courts of limited jurisdiction, and are presumed to lack jurisdiction over a case unless proven otherwise. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994). Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute. <u>Richardson v. United States</u>, 943 F.2d 1107, 1112-13 (9th Cir.1991), <u>cert. denied</u>, 503 U.S. 936, 112 S.Ct. 1473 (1992). Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." <u>See</u> also <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. <u>See</u>, e.g., <u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974) Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

None of the allegations in Plaintiff's Complaint can be construed to support a cause of action that would give rise to any clear federal question. Nor does Plaintiff's Complaint, which alleges that Plaintiff resides in Oregon and names the State of Oregon as the sole defendant, provide basis for diversity jurisdiction under 28 U.S.C. § 1332. Thus, this court lacks subject-matter jurisdiction in this case.

I am unable to discern from Plaintiff's allegations any basis for subject matter jurisdiction in this court, or any claim having an arguable basis in law or fact. Accordingly, Plaintiff's

FINDINGS AND RECOMMENDATION AND ORDER – 4

Complaint should be dismissed and, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice.  There is no constitutional right to counsel in a civil case,  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1), and under the circumstances in this case, appointment of counsel would be futile in any event.  Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 1) is GRANTED.  Plaintiff's motion for appointment of pro bono counsel (#4) is DENIED.  This action should be DISMISSED without service of process for failure to state a claim upon which relief may be granted.  A judgment should be entered dismissing the action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 18, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of January, 2014.

        /s/ John Jelderks
        John Jelderks
        U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION AND ORDER – 5